| | | |
|---|---|---|
| DR. PATSEY THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE HAYNES |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:14-cv-0037 |
| | ) | |
| MARSHALL COUNTY BOARD OF EDUCATION AND MARSHALL COUNTY SCHOOLS | ) ) ) | |
| Defendants. | ) | Jury Demand |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the parties submit this Proposed Case Management Order for the initial case management conference scheduled for May 23, 2014.

I. **Status of Parties and Service of Process:** Service of process is complete.

II. **Status of Responsive Pleadings:** Defendant filed its Answer to the Complaint on April 18, 2014. An amended complaint was filed on May 12, 2104. Defendant's answer is due on May 27, 2014.

III. **Jurisdiction and Venue:** The Court currently has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper pursuant to 28 U.S.C. 1391(b). Jurisdiction and venue are not disputed.

IV. **Parties' Theories of the Case and Identification of the Issues**

    a. **Plaintiff's Theory of the Case:** Defendant targeted Plaintiff Dr. Patsey Thomas with individual discrimination, harassment, and retaliation on the grounds of her race. The individual violations against Dr. Patsey Thomas were conducted within

a systemic pattern and practice of discrimination, harassment, and retaliation against black personnel of the Marshall County School System, particularly within ts Central Office.

Defendants acted with intent, malice, and reckless disregard to the rights of Plaintiff as an individual, as well as Plaintiff as a member of a protected class pursuant to its systemic pattern and practice of discrimination, retaliation, harassment and other harms against blacks (specifically including former Central Office personnel Michelle Ashley and Sheila Cook-Jones). Defendant's conduct was systemic and intentional, and in violation of Plaintiff's individual and group rights Title VII.

b. **Defendants Theory of the Case:** As an initial matter the appropriate Defendant is the Marshall County Board of Education. Marshall County Schools is not a separate legal entity.

Defendant denies that it engaged in any illegal, inappropriate of discriminatory activity. Plaintiff was reassigned to the position of a classroom teacher following a reorganization of the central office of the Board of Education consistent with her teacher tenure rights after her position was eliminated. While acting in the capacity of Supervisor of Attendance and Testing the Plaintiff failed to comply with Tennessee law regarding TCAP security procedures and failed to properly advise and comply with the attendance reporting requirements that directly affect the Defendants BEP funding.

Following her reassignment she chose to voluntarily resign her employment and became employed by the Bedford County Board of Education. She thereafter voluntarily resigned her employment from Bedford County. Plaintiff has failed to mitigate her damages. In addition one or more of her Title VII claims are time barred and any associational discrimination claims are time barred as well.

V. **Schedule of Pretrial Proceedings**

    A.     **Rule 26(a)(1) Disclosure:**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) through (E) disclosures within 30 days after the initial case management order is entered in this case.

    B.     **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    C. **Other Pretrial Discovery Matters**

As determined at the case management conference on May 23, 2014, the parties anticipate that this case will be ready for trial by September 2015, and anticipate that the case will take at least four to five days to try. This action is set for a jury trial on 9/15, 2015

If this action is to be settled, the Law Clerk shall be notified by 9/11/15, 2015. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held 8/31, 2015 at 3:00pm in Columbia, Tennessee. A proposed pretrial order shall be submitted at the pretrial conference.

The parties do not consent to proceeding before the Magistrate Judge. Local counsel are relieved of their obligations under Local Rule 83.01(h)(3).

All discovery shall be completed by the close of business on **April 1, 2015.**

All written discovery shall be submitted in sufficient time so that the response shall be in hand by **April 1, 2015.**

All discovery-related motions shall be filed by the close of business on **April 8, 2015.** No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted

setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions shall be filed by the close of business on **May 1, 2015** and any response thereto shall be filed within 30 days thereafter. Briefs shall not exceed 25 pages. Any reply shall be filed within 15 days thereafter.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, amended pleadings, or class certification, or the need for resolution of any issues arising under Rules 13-15, 17-19, or 23 of the Federal Rules of Civil Procedure, if appropriate. Absent leave of court, the deadline for filing motions to amend the pleading is **July 1, 2014**.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Local Rule 33.01 shall govern.

The default standard for conducting electronic discovery contained in Administrative Order No. 174 will apply to this case. Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's office by

electronic mail attachment in PDF format (in addition to the extent that discovery is propounded, regardless of means, it shall be provided in its native word processing format, e.g. Word/Word Perfect,) sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of delivery of printouts or other physical copies, except to the extent necessary for purposes of clarity of legibility due to copying or scanning.

By the close of business on **December 15, 2014**, the Plaintiff shall declare to the Defendants (<u>not</u> to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **January 15, 2015,** the Defendants shall declare to the Plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **February 15, 2015**. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery taken of expert witnesses.

Local Rule I 2(c)(6)(c)(effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

**It is so ORDERED.**

ENTERED this the 23rd day of May 2014.

WILLIAM J. HAYNES, JR
United States District Judge